NO. 07-03-0047-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 16, 2003



______________________________




WILLIE A. MILTON, #561014, APPELLANT



V.



JANIE COCKRELL, DIRECTOR, APPELLEE




_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 32,780; HONORABLE LEE WATERS, JUDGE



_______________________________



Before REAVIS and CAMPBELL, JJ., and BOYD, S.J. (1)

PRELIMINARY ORDER


 Appellant Willie A. Milton has filed in this court a pro se instrument which he
denominates as a "Motion for Leave to File Belated Notice of Appeal." As best we can tell,
appellant filed some sort of civil action against appellee in the District Court of Gray
County which he denominates as a writ of habeas corpus. Appellant did not file a copy of
his trial court pleading with his motion. For reasons we later state, we withdraw our
previous overruling of the motion and now grant it.

 In his motion, appellant states that the trial court dismissed his action on October
10, 2002, apparently without a hearing. He also asserts that subsequent to that date, on
October 21, 2002, he did file his "formal request for the Court to reconsider its ruling." A
notice of appeal generally must be filed within 30 days after the judgment is signed. See
Tex. R. App. P. 26.1. A notice of appeal is generally due within 90 days after a final
judgment if certain motions are filed, including a motion for new trial. See Tex. R. App. P.
26.1(a). Thus, if appellant's motion is considered as a motion for new trial, his notice of
appeal must have been filed not later than 90 days from the date of the dismissal order. 
A motion to extend time for filing a pro se notice of appeal was filed January 21, 2003,
which is within the permissible 15-day period after the expiration of the 90-day period. 
Tex. R. App. P. 27.1(a). That being so, appellant's motion for extension of time to file the
notice of appeal was timely filed and this court has jurisdiction of the appeal. Because the
notice of appeal does not appear to have been filed with the trial court clerk, the clerk of
this court is directed to send a copy of the notice to that clerk. Tex. R. App. P. 25.1(a).

 Appellant is reminded that a pro se appellant is required to meet the provisions of
the Rules of Appellate Procedure with regard to perfecting this civil appeal. The time
period for doing so begins on the date of this order. 

 Per Curiam 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 



r proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to
determine:
 
1. whether appellant desires to prosecute the appeal;
 
2. why the reporter’s record has not been filed in accordance with the Texas
Rules of Appellate Procedure; and,
 
3. when the reporter’s record can reasonably be filed (given the length of
trial and size of the record) in a manner that does not unduly delay the
prosecution of this appeal.

          The trial court shall cause the hearing to be transcribed. So too shall it 1) execute
findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be
developed a supplemental clerk’s record containing its findings of fact and conclusions of
law and all orders it may issue as a result of its hearing in this matter, and 3) cause to be
developed a reporter’s record transcribing the evidence and arguments presented at the
aforementioned hearing, if any. Additionally, the district court shall then file the
supplemental clerk’s and reporter’s records transcribing the hearing with the clerk of this
court on or before July 3, 2009. Should further time be needed by the trial court to perform
these tasks, then same must be requested before July 3, 2009.
          It is so ordered.
                                                                           Per Curiam